MARY MENNEILEY, Plaintiff, v. THE EMPLOYERS' LIABILITY ASSUR-
ANCE CORPORATION (Limited), Defendant.

72  477
148a 596

*Accident insurance — exception from the policy of death or disablement "arising*
*from anything accidentally inhaled" — illuminating gas.*

A policy of insurance "against personal injuries caused by accident within the
meaning of this policy," contained the following, among other "agreements and
conditions" upon which it was issued: "This policy does not insure   *   *   *
against death or disablement arising from anything accidentally taken, admin-
istered or inhaled, contact of poisonous substances, inhaling gas or any surgi-
cal operation," etc.   The insured died from accidentally inhaling illuminating
gas which accidentally escaped into the room where he was sleeping in a
hotel.

*Held,* that the cause of death came within the exception of "anything accident-
ally inhaled," and consequently was taken out of the provision of the policy
so that no recovery could be had therefor under the policy.

MOTION by the plaintiff, Mary Menneiley, for judgment on a ver-
dict directed by the court at the Monroe Circuit on the 13th day of
January, 1893, subject to the opinion of the General Term on a case
to be made by the plaintiff.

*Wm. N. Cogswell,* for the plaintiff.

*W. A. Sutherland,* for the defendant.

DWIGHT, P. J.:

The action was on a policy or contract of insurance payable to the
plaintiff, which insured her husband, Samuel D. W. Menneiley,
"against personal injuries caused by accident within the meaning
of this policy." The insured died from accidentally inhaling illu-
minating gas which accidentally escaped into the room where he
was sleeping in a hotel. The only question in the case is whether
that accident was "within the meaning of this policy."

The policy contained the following, among other "agreements and
conditions" upon which it was issued : "This policy does not insure
*   *   *   against death or disablement arising from anything acci-
dentally taken, administered or inhaled, contact of poisonous sub-
stances, inhaling gas or any surgical operation," etc.

It has been held by the court of last resort in this State that, by
the words "inhaling gas" in a similiar exception contained in the

contract of another insurer against accidents, "the company can only be understood to mean a voluntary or intelligent act by the insured and not an involuntary and unconscious act." (*Paul* v. *The Travelers' Ins. Co.*, 112 N. Y. 472.) So that if the exception of death or disablement by "inhaling gas" was the one relied upon by the defendant here, the authority cited would be conclusive against its contention. But such is not the case. The exception here relied upon, which was not in the policy in the case of *Paul*, expressly describes an act not voluntary and intelligent, but, on the contrary, accidental. The death or disablement excepted is one "arising from anything accidentally inhaled." And here was the death of the insured arising from illuminating gas accidentally inhaled.

It seems difficult to elaborate or prolong an argument upon this statement. Here is no room for interpretation; the words employed interpret themselves, and unquestionably apply to the facts presented by the stipulation of the parties. The exception here relied upon, if expressly framed to avoid the construction put upon that in the case of *Paul* (*supra*), could not more successfully have accomplished the purpose. It would be a contradiction in terms to apply the words "accidentally inhaled" to the voluntary and intelligent act of inhaling an anæsthetic in aid of a surgical operation, which the court say was apparently the reference in that case.

The facts in this case bring it, unavoidably, within the exception, and, consequently, take it out of the provision of the policy in suit.

The motion for judgment upon the verdict must be denied, with costs, and, upon the facts agreed upon, judgment ordered for the defendant, dismissing the complaint.

All concurred.

So ordered.